UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDON A. BOONE,

    Plaintiff,

v.                                                                  Case No. 8:26-cv-1231-TPB-SPF

CAPITAL ONE, N.A., and
HOWARD'S RECOVERY, LLC

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT CONVERTED TO MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on "Defendants' Motion to Dismiss Complaint,"

filed on May 5, 2026.  (Doc. 14).  The Court converted the motion to dismiss into a

motion for summary judgment on May 8, 2026, and provided appropriate notice to

all parties.  (Doc. 17).  The parties filed supplemental briefing, and Defendants

submitted evidence in the form of sworn declarations.  (Docs. 23; 24; 25; 26).  A

hearing was set to address the motion on June 23, 2026.  (Doc. 18).  Defendants

appeared through counsel at the hearing, but Plaintiff did not appear.[1]  (Doc. 27).

---

[1] The hearing was held at 10:00 am on June 23, 2026, and the minutes from the hearing were posted shortly thereafter at 11:35 am.  (Doc. 27).  A few hours later, at around 2:35 pm, the Clerk docketed Plaintiff's "Emergency Notice of Hospitalization, Motion for Leave to File Out of Time, Motion to Consider Plaintiff's Opposition to Summary Judgment, and Request to Withhold Entry of Final Order Pending Review of Plaintiff's Submissions." (Doc. 28).  The filing does not have a mailing envelope and was submitted in person at the Clerk's Office.  Based on this filing, which refers to the Court's minutes, it is clear that Plaintiff has been regularly reviewing the Court's electronic docket, most likely through Pacer.  But he did not attend the hearing or seek a continuance prior to the hearing, even though he clearly had the ability to file this document immediately after the hearing.  In addition, the motion itself initially appeared to state that Plaintiff himself was hospitalized.

On June 15, 2026, prior to the hearing, Plaintiff submitted summary judgment materials.  Shortly after the hearing, which Plaintiff did not attend, and after reviewing the Court's minutes, Plaintiff filed an emergency notice and motion. (Doc. 28).  Notably, Plaintiff's summary judgment filings, both before and after the hearing, have included various legal arguments, but none of his submissions have included sworn testimony (from him or anyone else).

After reviewing the motion, response, supplemental filings, court file, and record, the Court finds as follows:

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A properly supported motion for summary judgment is not defeated by the existence of a factual dispute.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Only the existence of a genuine issue of material fact will preclude summary judgment.  *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact.  *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d

---

*See* (Doc. 28 at ¶ 11). But the documents Plaintiff submitted to the Court instead listed another person's name – Christline Boone – as the person who was hospitalized.  Perhaps this was due to mistake or inadvertence by Plaintiff, but it should be noted that the declaration statement on the third page also referred to "my hospitalization."  In any event, the Court gave Plaintiff the opportunity to provide documentation to support his claims of personal hospitalization, or at least explain the nature and severity of Christline Boone's hospitalization that would support his failure to appear at the duly noticed hearing.  His documents – emailed to Chambers by the deadline – provide no such explanation.  It is not clear why Christline Boone was hospitalized, the severity of her condition, and why Plaintiff would have been unable to attend the hearing or even request a continuance prior to the hearing based on Christline Boone's condition.

1256, 1260 (11th Cir. 2004).  When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact.  *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995).  If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor.  *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

This case involves a loan Plaintiff obtained from one of the Defendants to purchase a 2024 Volkswagen Atlas automobile in November 2023.  The price of the vehicle was approximately $45,254.  Plaintiff made about eleven monthly payments and then stopped paying.  As a result, the vehicle was repossessed.  In this case, Plaintiff has brought suit against the lender, Capital One, and the entity that actually repossessed the vehicle, Howard's Recovery.  Plaintiff alleges that Capital One issued a 1099-C Form indicating he did not owe anything on the subject loan, but Capital One has nonetheless reported this debt to various credit reporting agencies.  Plaintiff does not deny that he stopped paying the loan and that the repossession of the vehicle took place.  However, he claims that Defendants have been improperly reporting the debt arising from the repossession to various credit reporting agencies because he does not owe any money on the loan.  His proof for that claim is a 1099-C Form, purportedly issued by Capital One, which he attached to his complaint.

In this case, Defendants filed sworn declarations establishing that the subject 1099-C Form attached to Plaintiff's complaint, which is the basis of all of Plaintiff's

claims, is fraudulent.  (Docs. 23; 24).  Contrary to Plaintiff's arguments, these sworn declarations are admissible as evidence in a summary judgment proceeding.  The sworn declarations state that the affidavit was made upon personal knowledge of the facts stated and/or upon personal knowledge of each Defendant's business records, which records were made in the regular course of regular business activities.  The declarations further indicate that the declarants are familiar with the manner and method in which Defendants maintain their books and records in the regular course of business, that the declarants regularly work with the business records and understand the records, and that the declarants have personally reviewed the business records.

Because Defendants submitted admissible evidence to support their position that the 1099-C Form is fraudulent, Plaintiff was required to submit admissible evidence to create a genuine issue of fact for trial.  He failed to do so.  Plaintiff provides various arguments that there is a genuine issue of fact.  (Doc. 26).  But Plaintiff failed to provide a verified complaint, or any sworn testimony in the form of affidavits, declarations or depositions, to rebut Defendants' showing.  Therefore, the Court accepts the unrebutted testimony of Defendants that the 1099-C Form submitted by Plaintiff is fraudulent.  Plaintiff's entire case is based on the issue of whether the debt was legitimately owed.  Defendants have submitted sworn testimony that the debt was legitimately owed.  Plaintiff has failed to rebut this testimony.

Consequently, the Court finds that there is no genuine issue as to any material fact, and Defendants are entitled to judgment as a matter of law on Plaintiff's claims asserted in the complaint. Therefore, summary judgment is granted to Defendants and hereby entered in their favor.[2]

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) "Defendants' Motion to Dismiss Complaint" (Doc. 14), converted into a motion for summary judgment, is **GRANTED**.

2) The Clerk is directed to enter final judgment in favor of Defendants Capital One, N.A., and Howard's Recovery, LLC, and against Plaintiff Brandon Boone.

3) Following the entry of judgment, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of June, 2026.

 

TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[2] In light of this ruling, the Court need not consider the additional legal arguments made in Defendants' motion and supplemental brief. However, many of those arguments appear to be meritorious.